## P. B. BEACHLEY v. N. B. McCORMICK.

NEW TRIAL, *When no Error in Refusing.* It is not error to overrule a motion for a new trial on the ground of accident or surprise, or for newly-discovered evidence, when there is no showing of ordinary diligence to ascertain the facts by which it is claimed that the party was surprised, and where the evidence alleged to be discovered is cumulative.

*Error from Phillips District Court.*

ACTION to recover upon a promissory note. Judgment for plaintiff *McCormick*, on December 28, 1886, for $23.75 debt, and for costs, $12.95. The defendant *Beachley* brings the case here.

*Geo. W. Stinson & Son*, for plaintiff in error.

*McKay & McCormick*, for defendant in error.

Opinion by SIMPSON, C.: Suit was brought on a promissory note before a justice of the peace; a judgment was rendered against the maker, who appealed to the district court; trial by the court, a jury being waived; judgment against the maker, who brings the case here for review. The only exception saved is a general one to the judgment, and to the overruling of the motion for a new trial. The following is a copy of the note sued on:

"$13.75.          KIRWIN, KANSAS, April 27, 1880.

"Six months after date, I promise to pay to A. B. Niles, or order, the sum of thirteen and (75) seventy-five cents, dollars, value received, with interest at the rate of ten per cent. per annum.          P. B. BEACHLEY.

P. O. Phillipsburg.  Kirwin."

Indorsed: "A. B. Niles. N. B. McCormick received on within $1.50, August 5, 1883."

The suit was commenced before the justice on the 13th day of July, 1886. The only disputed question of fact on the trial in the district court was whether the maker paid the holder of the note the sum of $1.50, as indorsed upon said note under date of August 5, 1883. If the maker paid, the note was not barred by the statute of limitations; if he did not pay the sum indorsed, the note was barred. There was no objection either to the pleadings or to the evidence taken by either side. The question of fact was determined by the trial court, and we cannot disturb it. The motion for a new trial was properly overruled. No diligence was shown. No accident or surprise which ordinary prudence could not have guarded against was shown; but on the contrary, from the defense made, the attention of the maker of the note must necessarily have been drawn to the date of the payment indorsed on the note. It would be very strange that he should deny making the payment indorsed, and never look to see at what time the payment was made, as set forth in the indorsement on the note.

There is no error in the record, and we recommend the affirmance of the judgment.

By the Court: Is so ordered.

All the Justices concurring.